```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MATTHEW WRIGHT,

                    Plaintiff,            MEMORANDUM AND ORDER

        - against -                       12 Civ. 845 (NRB)

OFFICER HUGHES #18516 and CAPTAIN LOGAN
#819,

                    Defendants.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Matthew Wright ("plaintiff") brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants New York City Department of Correction ("DOC") Officer Cory Hughes and DOC Captain Angeletica Logan (collectively, "defendants") violated his constitutional rights by using excessive force against him while he was an inmate at the George R. Vierno Center, a DOC facility. Presently before us is defendants' motion to dismiss the complaint pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure.

For the reasons stated herein, defendants' motion is granted.

## BACKGROUND[1]

The events underlying the instant action occurred at the George R. Vierno Center, where plaintiff was incarcerated from March 1, 2010 until August 4, 2010, when he was transferred to the Anna M. Kross Center, a DOC facility on Rikers Island. (Beath Decl. Ex. A.)  Plaintiff filed the complaint in this matter on February 1, 2012 when he was subsequently incarcerated at the Anna M. Kross Center.  (Id.)  Defendants answered plaintiff's complaint on April 30, 2012.  On May 1, 2012, this Court issued an Order directing the parties to complete all discovery by July 30, 2012.

Pursuant to that Order, defendants served plaintiff with their First Set of Interrogatories and Request for Production of Documents on May 11, 2012.  Although plaintiff's responses to those requests were due no later than June 14, 2012, plaintiff failed to respond by that date.  (Beath Decl. at 1.)  Defendants also conveyed a settlement offer to plaintiff in their May 11, 2012 mailing.  (Beath Decl. Ex. C.)  However, plaintiff declined that offer by letter on May 15, 2012, without responding to or otherwise acknowledging defendants' outstanding discovery requests.  (Beath Decl. Ex. D.)

---

[1] These facts are drawn from the Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint (Defs. Mem.), the Declaration of Patrick Beath in Support of Defendants' Motion to Dismiss the Complaint ("Beath Decl.") and the exhibits annexed thereto, and the Court's internal records.

On June 25, 2012, in light of plaintiff's failure to respond to their discovery requests, defendants requested that plaintiff provide discovery responses no later than July 13, 2012. (Beath Decl. Ex. E.)  Plaintiff did not respond to that request.  (Beath Decl. at 2.)  Cognizant of the discovery deadline on July 30, 2012, and because defendants had not yet received any discovery responses from plaintiff on July 2, 2012, defendants wrote to this Court to seek an extension of the discovery deadline until September 28, 2012. (See Beath Decl. Ex. F.)  This Court granted that application by letter to both parties dated July 5, 2012, and further warned plaintiff that his failure to comply with all proper discovery requests could "result in a dismissal of the case for failure to prosecute." (Beath Decl. Ex. G.)  All of the above correspondence was sent to plaintiff at the Anna M. Kross Center.  (Beath Decl. at 1-2.)

Then, on July 13, 2012, plaintiff contacted defense counsel by telephone to inform him that he had been released from DOC custody and was residing at 3010 Yates Avenue, Apartment 6H, in the Bronx, New York.  (Id. at 2.)  Plaintiff also confirmed that he had received defendants' discovery demands.  (Id.)  After defense counsel informed this Court of plaintiff's new address, we sent a copy of our July 5, 2012 letter and defendants' July 2, 2012 letter to plaintiff at 3010 Yates Avenue.  (Id., Ex. I.)

3

Plaintiff did not respond to that correspondence, nor was it returned.

On July 16, 2012, however, plaintiff filed a Notice of Change of Address on ECF which reflected that he was residing at the Downstate Correctional Facility in Fishkill, New York. (Beath Decl. at 2; dkt. no. 14.)  Defense counsel consulted the New York City Department of Corrections and Community Supervision ("DOCCS") website, which indicated that, consistent with plaintiff's phone call to counsel, plaintiff had been temporarily housed at the Downstate Correctional Facility upon his release from the Anna M. Kross Center on June 29, 2012, but was permanently released from DOC custody on July 13, 2012. (Beath Decl. at 2 n.1; id. Ex. H.)  Our own review of the DOCCS website confirms that plaintiff is no longer in DOC custody.

On August 16, 2012, defendants wrote to this Court, copying plaintiff via first class mail to his 3010 Yates Avenue address, to seek dismissal of plaintiff's complaint for failure to prosecute. (Beath Decl. Ex. J.)  In an abundance of caution, we instructed defense counsel to forward the August 16 letter to plaintiff at his Downstate Correctional Facility address as well. (See Certificate of Service, dkt. no. 15.)  Despite our earlier warning that failure to provide discovery responses could lead to dismissal of his complaint, plaintiff did not

4

respond to defendants' August 16 letter, nor did he produce any discovery responses by the September 28, 2012 deadline.

On October 1, 2012, this Court granted defendants' request for leave to file the instant motion.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed "[i]if the plaintiff fails to prosecute or to comply with these rules or a court order," and that, unless the court specifies otherwise, such a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Dismissal under Rule 41(b) is appropriate only after consideration of five factors:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard[,] and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)) (internal alterations omitted). As a general rule when assessing these factors, "no

5

one factor is dispositive." Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994).

The factors that should be considered when analyzing a motion for dismissal under Rule 37(d) are largely the same as those applied under Rule 41(b).  See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) ("Several factors may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37.  These include: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance.") (internal citation omitted).

We must also bear in mind that "pro se plaintiffs should be granted special leniency regarding procedural matters," LeSane, 239 F.3d at 209, meaning that a pro se plaintiff's complaint may be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme."  Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  That leniency, however, does not excuse pro se litigants from obeying court orders and procedural rules. See Cioce v. Cnty. of Westchester, 123 F. App'x 451, 453 (2d Cir. 2005) ("Pro se litigants are concededly required to learn about, and comply with, relevant procedural rules."); Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990) ("[A]ll

litigants, including pro ses, have an obligation to comply with court orders." (internal quotation marks omitted)).

**II. Application of the Rule 41(b) Factors**

Defendants seek dismissal of this action with prejudice on two grounds. First, defendants argue that plaintiff has failed to serve a response to interrogatories and document requests, warranting dismissal of the action under Rule 37(d)(3). (Beath Decl. at 3.) More broadly, defendants argue that plaintiff has failed to prosecute his claims, or to comply with this Court's orders and the Federal Rules of Civil Procedure, and thus his action should be dismissed under Rule 41(b). (Id. at 5.) Because the analyses under Rules 37(d) and 41(b) are largely the same, we apply the Rule 41(b) factors here.

There can be little dispute that plaintiff's consistent and willful refusals to participate in the litigation which he initiated warrant dismissing his complaint with prejudice. Over the course of the past year in which his lawsuit has been pending, plaintiff has failed to respond to defendants' discovery requests and has served no discovery requests of his own. Furthermore, this Court has made significant efforts to ensure that plaintiff received all notices and mailings sent to his attention. Nevertheless, plaintiff has deliberately ignored the requests for discovery from defendants, despite confirming that he has received such requests. (Beath Decl. at 2.) The

7

lengthy duration and willful nature of plaintiff's inaction weigh heavily in favor of dismissal.

Plaintiff's failures to respond to defendants' discovery requests are also extremely prejudicial, as they prevent the defendants from developing their defense, while the memories of witnesses may have decayed and pertinent documents may have been destroyed or lost.  Moreover, the Court specifically warned plaintiff that his failure to comply with all proper discovery requests could result in dismissal for failure to prosecute his claims.  (Beath Decl. Ex. G); See Lucas, 84 F.3d at 535 ("A warning to a pro se litigant must be . . . specific before it will constitute a warning for the purpose of [41(b)] analysis.").  Nevertheless, plaintiff has not complied with any requests to date.  The absolute clarity of plaintiff's willful disobedience of the Court's admonitions to participate fully in discovery suggests that no sanction short of dismissal could effectively induce his compliance with future orders and the Federal Rules of Civil Procedure.  Plaintiff's claims are, therefore, dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (docket no. 16) is granted.  The Clerk of the Court is hereby directed to close this case.

8

Dated:     New York, New York
           February 11, 2013

                                                                       NAOMI REICE BUCHWALD
                                                          UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Plaintiff**
Matthew Wright
3010 Yates Avenue, Apt 6H
Bronx, NY 10469

**Attorney for Defendants**
Patrick Beath, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, NY 10007

9